IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF BERNICE GOLDBERG, : | |
| by the EXECUTOR GARY GOLDBERG, : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | NO.   14-980 |
| : | |
| PHILIP NIMOITYN, M.D., JAY : | |
| SELLERS, M.D., JOHN DOES 1–10, : | |
| JANE DOES 1–10, and CORPORATE : | |
| DOES 1–10, : | |
| : | |
| Defendants. : | |

<u>MEMORANDUM</u>

BUCKWALTER, S.J.                                                                                          July 29, 2014

Currently pending before the Court is the Motion to Dismiss of Defendants Thomas Jefferson University Hospitals, Inc., Philip Nimoityn, M.D., and Jay C. Sellers, M.D., pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Motion is granted in part and denied in part.

I.     FACTUAL BACKGROUND

According to the facts set forth in the Amended Complaint,[1] decedent Bernice Goldberg (the "Decedent") was a resident of New Jersey, residing at 59 B Edinburg Lane, Manchester, New

---

[1] The Amended Complaint was originally filed in the United States District Court for the District of New Jersey.  On review of a Rule 12(b)(6) motion, the court is restricted to the allegations set forth in the Amended Complaint.  <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384–85 (3d Cir. 1994) (holding that on a motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party).

Jersey.  (Am. Compl. ¶ 1.)  Defendant Philip Nimoityn, M.D. is a physician licensed to practice medicine in the State of Pennsylvania, and is part of a group practice located at 818 Chestnut Street, Philadelphia, Pennsylvania.  (Id. ¶¶ 2–3.)  Defendant Jay Sellers, M.D. is also a physician licensed to practice medicine in the State of Pennsylvania.  (Id. ¶ 14.)

From August 12, 2011 through August 24, 2011, Defendant Dr. Nimoityn provided medical services to the Decedent during a hospitalization at Thomas Jefferson University Hospital.  (Id. ¶ 5.)  During this admission, Dr. Nimoityn was the attending physician responsible for the care, treatment, and nutritional status of the Decedent, and was purportedly acting as the agent/employee of Thomas Jefferson University.  (Id. ¶¶ 6–7.)

The Decedent was allegedly unable to make decisions regarding her treatment, and her son, Gary Goldberg, had power of attorney to make medical decisions for his mother.  (Id. ¶ 8.)  According to Plaintiff, Defendant delayed making the determination that the Decedent did not have the mental capacity to make medical decisions.  (Id.)

On August 16, 2011 at 7:58 p.m., Plaintiff Goldberg consented to the placement of a PEG tube in his mother for the purpose of providing nutrition to the Decedent.  (Id. ¶ 9.)  Plaintiff asserts that Dr. Nimoityn had a duty to ensure treatment was instituted specifically regarding the placement of a PEG tube.  (Id. ¶ 10.)  The PEG was never placed and the lack of nutrition exacerbated her condition and ultimately led to her demise on August 24, 2011.  (Id. ¶¶ 9–10.)  In addition, Defendant Dr. Sellers allegedly intentionally and maliciously withheld food and water from the Decedent and stated to her family that she would not be given any food or water because it was determined that she was going to die anyway.  (Id. ¶ 15.)

Plaintiff initiated a lawsuit in the United States District Court for the District of New Jersey and, thereafter, filed an almost identical action in the Superior Court of New Jersey in Ocean County.  Defendants filed motions to dismiss in both actions.  The state court dismissed its action in

the entirety, while the federal court, upon agreement of the parties, ordered that the case be transferred to the United States District Court for the Eastern District of Pennsylvania. This Court received the original record of the case on February 10, 2014.

The Amended Complaint in this case asserts that Defendants Nimoityn and Sellers were negligent in their care of Decedent and that both of their actions were so grossly negligent and/or intentional that they merit an award of punitive damages. (Am. Compl. ¶¶ 15 & Count I Wherefore Clause.) Additionally, the Amended Complaint asserts that "[t]he defendants were acting within the scope of there [sic] employment and agency with Thomas Jefferson University Hospital." (Am. Compl. Count II, ¶ 2.) Finally, although set forth as a specific cause of action, the Amended Complaint asserts that Dr. Sellers was "motivated by religious discrimination which violates the United States Constitution." (Id. ¶ 15.)

On April 18, 2014, Defendants filed the present Motion to Dismiss seeking dismissal of all negligence claims, or in the alternative, a more definitive statement regarding the negligence actions. In addition, Defendants assert that Plaintiff's claims for punitive damages against Dr. Nimoityn fail as a matter of law. Defendants then filed a Supplemental Memorandum in Support on April 25, 2014, seeking dismissal of the punitive damages claims against Dr. Sellers. Plaintiff responded on May 2, 2014, Defendants filed a Reply Brief on May 9, 2014, and Plaintiff filed a Sur-reply Brief on May 21, 2014. This Motion is now ripe for judicial review.

## II.  STANDARDS OF REVIEW

### A.  Rule 12(b)(6) Motion for Failure to State A Claim Upon Which Relief May Be Granted

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P.12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atlantic Corporation v. Twombly, 550 U.S. 544

(2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain

detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### B. Rule 12(e) Motion for a More Definite Statement

Under Rule 12(e), a defendant may move for a more definite statement "[i]f a pleading . . . is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Rule 12(e) "motion shall point out the defects complained of and the details desired." Id. "When a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific . . . defense. . . . The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to obtain the factual basis underlying a plaintiff's claim for relief." Thomas v. Independence Twp., 463 F.3d 285, 301 (3d Cir. 2006). "Whether to grant a motion under Rule 12(e) is a matter committed largely to the discretion of the district court." Clark v. McDonald's Corp., 213 F.R.D. 198, 232 (D.N.J. 2003).

## III. DISCUSSION

Defendants now seek dismissal of the Amended Complaint or, alternatively, for a more definite statement on the grounds that the Amended Complaint fails to allege facts sufficient to raise the right to relief above the speculative level or to provide notice upon which Defendants can respond. The Court addresses these requests with respect to each Defendant individually.

### A. Dr. Nimoityn

As noted above, the Amended Complaint sets forth a claim for negligence against Dr. Nimoityn. In addition, it seeks punitive damages against him on the ground that his actions were

grossly negligent/intentional.

Under Pennsylvania law, medical malpractice is "broadly defined as the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." Toogood v. Rogal, 824 A.2d 1140, 1145 (Pa. 2003). "Courts have broken that definition down into the following elements, which parallel the elements of an ordinary negligence action: (1) the physician owed a duty to the patient; (2) the physician breached the duty; (3) the breach was the proximate cause of the harm suffered; and (4) the damages suffered were a direct result of the harm." Brown v. Hahnemann Univ. Hosp., No. Civ.A.12-4827, 2014 WL 2109890, at *3 (E.D. Pa. May 21, 2014) (citing Hightower-Warren v. Silk, 698 A.2d 52, 54 (Pa. 1997)).

A request for punitive damages in connection with such an action "does not constitute a cause of action in and of itself." Nix v. Temple Univ. of Commw. System of Higher Educ., 596 A.2d 1132, 1138 (Pa. Super. 1991). "Rather, a request for punitive damages is merely incidental to a cause of action." Id. (citing Feingold v. SEPTA, 517 A.2d 1270, 1276 (Pa. 1986)). The legal standard for punitive damages for state law claims is a matter of state law. See Griffiths v. CIGNA Corp., 857 F. Supp. 399, 409–10 (E.D. Pa. 1994), aff'd, 60 F.3d 814 (3d Cir. 1995) (citation omitted). The Supreme Court of Pennsylvania has adopted Section 908(2) of the Restatement (Second) of Torts, which allows punitive damages for "conduct that is outrageous because of the defendant's evil motive or his reckless indifference to the rights of others." Rizzo v. Haines, 555 A.2d 58, 69 (Pa. 1989) (quoting Restatement (Second) of Torts § 908(2) (1977)). "A court may award punitive damages only if the conduct was malicious, wanton, reckless, willful, or oppressive." Id. (citing Chambers v. Montgomery, 192 A.2d 355, 358 (Pa. 1963)). The tortfeasor's state of mind is relevant, meaning his actions must have been intentional, reckless, or malicious. Russoli v. Salisbury Twp., 126 F. Supp. 2d 821, 874 (E.D. Pa. 2000).

In the present case, Plaintiff has satisfied—albeit barely—the standard to plead a claim of medical malpractice against Dr. Nimoityn.  The Amended Complaint alleges that Dr. Nimoityn was the attending physician responsible for the care and treatment of the Decedent and that he had a duty to make sure that a PEG tube was placed if necessary, thereby satisfying the duty element of the negligence claim.  (Am. Compl. ¶¶ 7, 10.)  Next, the Amended Complaint satisfies the breach element by asserting that Defendant "negligently delayed the determination that the decedent did not have the mental capacity to make medical decisions" and thereby failed to place the PEG tube, despite Plaintiff's insistence under his power of attorney for the Decedent.  (Id. ¶¶ 8–10.)  Finally, the Amended Complaint adequately pleads proximate cause and damages by alleging that the delay in determining the Decedent's mental capacity and the non-placement of her PEG tube exacerbated her condition, caused the Decedent additional pain and suffering, and ultimately resulted in her death.  (Id. ¶¶ 8, 10.)  Accordingly, the Court declines to dismiss this claim.

While such minimal pleading is sufficient for the Court to allow the negligence action to survive, the same cannot be said for the punitive damages allegation.  The sole allegation in the Amended Complaint regarding this request for relief states: "Defendant Philip Nimiotyn [sic], M.D.[']s actions were grossly negligent and intentional wherefore plaintiff claims punitive damages."  (Am. Compl, Count I Wherefore Clause.)  As noted above, "[t]]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  Although a claim for punitive damages must rest on "conduct that is outrageous because of the defendant's evil motive or his reckless indifference to the rights of others," Rizzo, 555 A.2d at 69, Plaintiff sets forth no facts to support any inference that Dr. Nimoityn's actions rose to such a level.

Plaintiff's Response in Opposition to the Motion to Dismiss attempts to overcome this obvious deficiency by setting forth substantially more detail regarding the Decedent's treatment and

7

by attaching numerous exhibits regarding Decedent's hospital stay.  This argument misunderstands the nature of the present Motion.  "The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." First Am. Mktg. Corp. v. Canella, No. Civ.A.2004 WL 250537, at *2 (E.D. Pa. Jan. 1, 2004).  When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff.  Wiest v. Lynch, __ F. Supp. 2d __, 2014 WL 1490250, at *8 (E.D. Pa. Apr. 16, 2014).  As a general matter, a court may not consider matters outside the pleadings when adjudicating a motion to dismiss without converting a motion to dismiss to a motion for summary judgment, unless the documents are " integral to or explicitly relied upon in the complaint." In re Rockefeller Ctr. Props., Inc. Secs. Litig., 184 F.3d 280, 287 (3d Cir. 1999) (quotations omitted).  Given such principles, the Court declines to consider the extraneous facts and exhibits presented by Plaintiff in his Response Brief.  To consider them would allow Plaintiff to effectively amend his Amended Complaint without obtaining the requisite leave of Court.  As the Amended Complaint, standing alone, fails to adequately plead a claim for punitive damages against Dr. Nimoityn, the Court must dismiss this claim.[2]

**B.  Dr. Sellers**

The sole allegations in the Amended Complaint regarding Dr. Sellers are as follows:

14. The Defendant Jay Sellers, M.D. is a physician licensed to practice medicine in the State of Pennsylvania and regularly engages in the practice of medicine in Philadelphia.

15. Defendant Jay Sellers M.D. did intentionally and maliciously withhold from the decedent food and water and stated to the beneficiaries that decedent would not

---

[2] Plaintiff's Response Brief appears to concede the inadequacy of the Amended Complaint as he asserts that "[t]he allegations of the complaint are clear and with the medical chart and Plaintiff's opposing brief and exhibits in the possession of the defense a more definitive statement is not appropriate." (Pl.'s Resp. 7–8.)

>be given any food or water because it was dtermined [sic] that she was going to die anyway. This conduct not only is a devaition [sic] from the standard of care and a proximate cause of death, it is egregious and plaintiff hereby sets forth a claim forpunitive [sic] damages and believes that defendant was motivated by religious discrimination which violates the United States Constitution.

(Am. Compl. ¶¶ 14–15.)

Such pleading falls woefully short of the Twombly/Iqbal standards for pleading. Nothing in the Amended Complaint indicates what role, if any, Dr. Sellers, had in Plaintiff's care, and therefore fails to even cursorily establish duty. Moreover, the Amended Complaint does not allege when Dr. Sellers, as opposed to Dr. Nimoityn, assumed alleged responsibility for providing the Decedent with a feeding tube.[3] Absent at least some factual allegations suggestive of the proscribed conduct, the negligence cause of action against Dr. Sellers cannot survive Rule 12(b)(6) scrutiny.

Having found the negligence cause of action inadequate, Plaintiff's request for punitive damages against Dr. Sellers cannot survive. As indicated above, a claim for punitive damages is not in itself a separate cause of action, but is merely incidental to the negligence claim. Nix, 596 A.2d at 1138. Moreover, even taking as true the allegation that Dr. Sellers stated to Plaintiff that "the team decided your mother is going to die anyway so we are not going to feed or hydrate her," the Court does not find any plausible inference that Dr. Sellers acted with any gross negligence.[4]

---

[3] Notably, even Plaintiff's Response Brief provides little additional information. Plaintiff notes only that "Dr. Sellers was a resident and under the supervision of Dr. Nimoityn." (Pl.'s Resp. 5.)

[4] Although Plaintiff does not set forth a cause of action for religious discrimination in the counts of the Amended Complaint and does not defend any such cause of action in his Response Brief, the Amended Complaint makes an inference that Dr. Sellers's actions were motivated by religious discrimination. To the extent Plaintiff intended to raise this claim, the Court dismisses it given Plaintiff's failure to identify any of the elements of a religious discrimination claim, let alone allege facts suggestive of religious discrimination.

      C.      **Thomas Jefferson University Hospital**

Finally, although Thomas Jefferson University Hospital (the "Hospital") was not named or served as a Defendant in this case, Count II of the Amended Complaint alleges that "[t]he defendants were acting within the scope of there [sic] employment and agency with Thomas Jefferson University Hospital." (Am. Compl., Count II ¶ 2.) Having not been served with a summons and complaint within the prescribed period, the Hospital is entitled to dismissal. Fed. R. Civ. P. 4(m).

Moreover, Plaintiff has failed to file a certificate of merit as to the Hospital. Pennsylvania Rule of Civil Procedure 1042.3 provides that within sixty days after filing of the complaint alleging professional negligence, a certificate of merit must be filed against each defendant. Pa. R. Civ. P. 1042.3(a). This rule has been adopted as substantive law in federal cases addressing state professional negligence claims. Stroud v. Abington Mem. Hosp., 546 F. Supp. 2d 238, 248 (E.D. Pa. 2008) (citing cases). It is well-established that "where the [certificate of merit] sets out a vicarious liability theory, additional [certificates of merit] must also be filed as to each licensed professional for whom that defendant is alleged to be vicariously liable."[5] Id. at 248–49 (citing Pa. R. Civ. P. 1042.3(a)(2) note). Where a certificate of merit is not timely filed, the defendant may seek dismissal of the case without prejudice under Federal Rule of Civil Procedure 12(b)(6). Id. at 250.

Plaintiff has failed to file a certificate of merit as to the Hospital to date, meaning that more than sixty days has passed since either the August 2013 filing of the Complaint or the February 2014 transfer of the case to this Court. Accordingly, the Hospital's Motion to Dismiss is granted.

---

[5] Plaintiff argues that "[a] certificate of merit is not required when the only theory is for vicarious liability." (Pl.'s Response 7.) Plaintiff puts forth no legal support for this proposition, nor could he given the clear dictates of the Pennsylvania Rules of Civil Procedure.

## IV.    CONCLUSION

In short, the Court finds that while the professional negligence allegations against Dr. Nimoityn are sparse, they are sufficient to survive Rule 12(b)(6) scrutiny.  The punitive damages claim against Dr. Nimoityn, as well as all claims against Dr. Sellers and Thomas Jefferson University Hospital, however, suffer from multiple pleading and procedural defects.  As a more definite statement would be insufficient to cure all of these deficiencies, dismissal is the appropriate course of action.

Nonetheless, it is well-established that if a complaint is subject to Rule 12(b)(6) dismissal, a district court must ordinarily permit a curative amendment unless such an amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  Dismissal without leave to amend is justified only on grounds of bad faith, undue delay, prejudice, and futility.  Id. at 236.  This opportunity to amend must be offered, even if the plaintiff does not specifically make such a request.  Id. at 235.

In light of this jurisprudence, the Court will grant Plaintiff twenty days in which to file a second amended complaint properly pleading all desired causes of action against all desired defendants.  Although not required, Plaintiff may wish to take this opportunity to also flesh out his allegations against Dr. Nimoityn.  In addition, Plaintiff must name and properly serve all desired defendants in accordance with the Federal Rules of Civil Procedure.  Finally, Plaintiff must ensure to file a certificate of merit as to all defendants against whom a professional negligence claim has been alleged.  Given the breadth of information that Plaintiff included with his Response Brief, Plaintiff should have little trouble complying with these mandates.  Nonetheless, the burden falls on him incorporate such facts into a well-pled and procedurally accurate complaint.  His failure or inability to do so will, upon proper motion by Defendants, result in dismissal of any deficient claims with prejudice.