IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF BERNICE GOLDBERG, | : | |
| by the Executor GARY GOLDBERG | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 14-980 |
| v. | : | |
| | : | |
| PHILIP NIMOITYN, M.D. et al., | : | |
| Defendants. | : | |

MCHUGH, J.                                                                                              AUGUST 10, 2017

## MEMORANDUM

This is a medical malpractice action brought under a tenuous theory of liability that was rejected by a jury, leading to the present Motion for a New Trial.

Plaintiff's theory was that his mother, Bernice Goldberg, 81 years of age and suffering from a number of serious co-morbidities, died prematurely as a result of delay on the part of her physician in inserting a percutaneous endoscopic gastrostomy (PEG) tube to assist in providing her nutrition. The defense theory was principally rooted in principles of patient autonomy—Mrs. Goldberg's own refusal to authorize placement of the tube. But the defense also contended that placement of the tube was contraindicated during the early days of the hospital admission that led to Mrs. Goldberg's death, because of a series of problems, which included an elevated respiration rate, an elevated white blood cell count, bloody diarrhea, and the possibility of a serious infection known as C. difficile. In addition, the defense expert cited aspiration pneumonia as another contraindication to earlier placement of the tube. At trial, however, on direct examination, that expert admitted that he had misinterpreted the date of certain records, and as a result his reliance on aspiration pneumonia was therefore an error.

1

Plaintiff, now proceeding *pro se*, contends that he was prejudiced at trial because this admission constituted a "change" in the expert's opinion leaving Plaintiff's counsel surprised and unable to cross-examine effectively. This argument lacks merit.

Mrs. Goldberg was admitted to Thomas Jefferson University Hospital a number of times during the summer of 2011. The multiple records from these admissions were in some instances hard to differentiate. Defendants' expert, E. Gary Lamsback, M.D., made a serious error in his review of those records. Dr. Lamsback identified the existence of aspiration pneumonia at the time of Mrs. Goldberg's final admission to Jefferson in mid-August. In fact, that diagnosis had been reached during an earlier admission, also in August, and Dr. Lamsback confused the two: the diagnosis he thought was rendered on August 19, was actually rendered on August 11 or 12.

In his report, Dr. Lamsback erroneously cited the existence of aspiration pneumonia as one contraindication to placement of a PEG tube, and reiterated that opinion during his deposition. Plaintiff contends that when the error was acknowledged at trial, his attorney was unfairly surprised. The record squarely refutes this. When the objection was raised at trial, it was clear that Plaintiff's counsel, Steven Horn, has identified Dr. Lamsback's error in advance of trial. The critical portion of the colloquy at sidebar is as follows:

> Mr. Horn: Right. And Judge, I struggled with this, whether I should have made a motion – before yesterday. And every time I thought about this case, I struggled with it because it's such a defective -- At the same time, now I don't know what his opinions are.

It is clear from this exchange that Mr. Horn was well aware of Dr. Lamsback's mistake, by virtue of his words "every time I thought about this case." It is equally clear that Mr. Horn contemplated filing some form of motion before trial, but chose not to. Plaintiff now seizes upon

his counsel's last statement in that colloquy—the assertion that "now I don't know what his opinions are"—as evidence of prejudice.

The contention that Plaintiff's counsel was unaware of the expert's opinion is unsupportable. The *opinion* Dr. Lamsback rendered in court was the same as it was before trial: there were medical contraindications to placement of a PEG tube until later in Mrs. Goldberg's admission, at a point where she was too weak to undergo the procedure.[1] The only thing that changed at trial was that Dr. Lamsback was forced to admit that one of the *bases* for his opinion was incorrect. Defense counsel, having identified the error, chose to address it on direct examination of her witness.

The issue in dispute was hardly "outside the scope of the expert's report." To the contrary, was squarely addressed in the expert's report, just incorrectly. On that score, Plaintiff was in no respect prejudiced by this turn of events; in the hands of a skilled cross-examiner, an error like Dr. Lamsback's is a gift. Few lines of cross-examination are more effective than one which shows that an expert relied upon a fact or a premise that is demonstrably untrue. Indeed, Dr. Lamsback was forced to confess his error on the stand in open court, was cross-examined by Mr. Horn, and was further impeached with his deposition. Trial Tr. 6/29/2017 at 38–42, 43–45. In short, as a result of this sequence of events, Plaintiff was placed in the fortunate position of being able to demonstrate to the jury that one of the pillars of the opposing expert's opinion was false.

Applying the test established by the Third Circuit in *DeMarines v. KLM Dutch Airlines*, 580 F.2d 1193, 1201–02 (3d Cir. 1978), there was neither prejudice nor surprise. And not only did Plaintiff have the ability to cure any "prejudice," but the expert's mistake actually provided

---

[1] In addition, the defense raised a strong argument that the insertion of PEG tube has little impact on increased longevity.

Plaintiff with a prime opportunity to attack both the validity of his conclusions and his credibility. At all times, Dr. Lamsback's opinion remained the same, but his ability to defend that opinion was substantially undermined by his acknowledged error.

Consistent with the hyperbolic tone in which Plaintiff has litigated this case, he also accuses defense counsel of suborning perjury for eliciting testimony that Dr. Lamsback's error was merely "typographical." Although defense counsel's characterization was disingenuous at best, it hardly qualifies as perjury. Under both federal and Pennsylvania law, perjury requires the misrepresentation of some *material* fact. Defense counsel's weak attempt to minimize the seriousness of Dr. Lamsback's mistake had no substantive import, as the witness frankly admitted that he was simply wrong. It was for the jury to decide how to assess the significance of that error, and the credibility of the expert, and in doing so they had the benefit of the cross-examination conducted by Plaintiff's counsel.

Plaintiff's Motion for a New Trial will be denied. An appropriate Order follows.


    /s/ Gerald Austin McHugh
United States District Judge